RECEIVED
OCT 20 2014
10-20-14 MP
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

FILED
10/28/2014
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

United States District Court
For The Northern District of Illinois
Eastern Division

David Gevas,
    Plaintiff,

v.

Patti Torri;
C. Amesquita;
Philip Michel;
Fakoli Doumbia; and
Cynthia Garcia,
    Defendants.

Case No. 14-C-7393

Honorable John Z. Lee

## First Amended Complaint

(1) This is a civil action authorized by 42 U.S.C Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The Court has jurisdiction under 28 U.S.C. Section 1331 and 1343(a)(3) and supplemental jurisdiction of state law claims under 1367(a). Plaintiff Gevas seeks declaratory relief pursuant to

28 U.S.C. Section 2201 and 2202. Plaintiff Gevas claims for injunctive relief are authorized by 28 U.S.C. Section 2283, 2284 and Rule 65 of the Fed. R. Civ. P.

(2.) The Northern District of Illinois is an appropriate venue under 28 U.S.C. Section 1391(b)(2) because it is where the events giving rise to this claim occurred.

(3.) Plaintiff, David Gevas, is and was at all times mentioned herein a prisoner of the State of Illinois in the custody of the Illinois Department of Corrections. He is currently confined in Stateville Correctional Center, Joliet, Illinois.

(4.) Defendant, Patti Torri, is a Major of the Illinois Department of Corrections and her place of employment is Stateville Correctional Center.

(5.) Defendant, C. Amesquita, is a Correctional Officer of the Illinois Department of Corrections and his place of employment is Stateville Correctional Center.

6.) Defendant, Michel, is a Lieutenant of the Illinois Department of Corrections and his place of employment is Stateville Correctional Center.

7.) Defendant, Doumbia, is a Correctional Officer of the Illinois Department of Corrections and his place of employment is Stateville Correctional Center.

8.) Defendant, C. Garcia, is the Director of Nursing for Wexford Health Sources, Inc. and her place of employment is Stateville Correctional Center.

9.) Each defendant is sued individually and in their official capacity. At all times mentioned in this complaint each defendant acted under color of state law.

FACTS

10.) On 2/10/2012 at about 8:15 AM, Plaintiff was brought to the visiting room for a shakedown to attend his writ at which time he informed and showed Defendant C. Amesquita his valid medical permit

THAT MEDICALLY REQUIRED MEDICAL RESTRAINTS DUE TO EXTREME PAIN IN PLAINTIFF'S LEFT SHOULDER DUE TO INJURY FOR HIS WRIT.

11) On 2/10/2012 DEFENDANT AMESQUITA DELIBERATELY AND CALLOUSLY DENIED PLAINTIFF'S VALID MEDICAL PERMIT REQUIRING MEDICAL RESTRAINTS FOR HIS WRIT.

12) On 2/10/2012 FOLLOWING DEFENDANT AMESQUITA'S DELIBERATE AND CALLOUS DENIAL, PLAINTIFF RESPECTFULLY REQUESTED DEFENDANT AMESQUITA TO USE THE BIG HANDCUFFS AND EXPLAINED THAT HIS WRISTS ARE TO BIG FOR REGULAR HANDCUFFS AND HE DELIBERATELY AND CALLOUSLY DENIED PLAINTIFF'S REQUESTS.

13) On 2/10/2012 AFTER DELIBERATELY AND CALLOUSLY PLACED IN REGULAR HANDCUFFS AND A BLUE BOX FOR HIS WRIT, PLAINTIFF WAS BROUGHT TO A GATE WHERE HE INFORMED DEFENDANT MICHEL AND DEFENDANT TORRI THAT HE HAS IN HIS POSSESSION A VALID MEDICAL PERMIT FOR REQUIRED MEDICAL RESTRAINTS DUE TO EXTREME PAIN IN PLAINTIFF'S LEFT SHOULDER DUE TO INJURY FOR HIS WRIT AND REQUESTED DEFENDANT

Michele and Defendant Torri use the required medical restraints at which time Defendants Michel and Torri deliberately and callously denied including use of bigger cuffs.

14.) On 2/10/2012 for about 3 1/2 to 4 hours, during the writ, Plaintiff requested and pleaded numerous times for Defendant Amesquita to loosen the regular handcuffs due to numbness and extreme pain in both wrists and hands, and left shoulder and each time Defendant Amesquita deliberately and callously denied and requests to leave the writ.

15.) On 2/10/2012 after the writ when Defendant Amesquita removed the blue box and regular handcuffs, Plaintiff had very deep grooves in both wrists deep purple in color that caused extreme pain for many months and numbness in his right wrist up to the thumb nail that Dr. Davis told Plaintiff will always remain, including exacerbating his left shoulder injury.

16.) On 4/18/2012 Plaintiff had another writ

17.) On 4/18/2012 at about 8:00 a.m. Plaintiff was brought to a side room for another writ, at which time Plaintiff informed and showed Defendant Doumbia his valid medical permit that medically required medical restraints due to extreme pain in Plaintiff's left shoulder due to injury, for his writ.

18.) On 4/18/2012 Defendant Doumbia deliberately and callously denied Plaintiff's valid medical permit requiring medical restraints for his writ.

19.) On 4/18/2012 following Defendant Doumbia's deliberate and callous denial, Plaintiff respectfully requested Defendant Doumbia to use the big hand cuffs, explaining what happen on 2/10/2012 and Defendant Doumbia deliberately and callously denied Plaintiff's request and deliberately and callously used a waist chain to small for Plaintiff's girth causing severe pain and problems with breathing in retaliation for complaining of what happen on the 2/10/2012 writ.

20.) On 4/18/2012 after being deliberately and callously placed in regular handcuffs, black box, and a waist chain to small for his wrist, Plaintiff was brought to a gate where he informed Defendant Michel that he has in his possession a valid medical permit for required medical restraints due to extreme pain in Plaintiff's left shoulder due to injury, for his wrist and requested Defendant Michel to use the required medical restraints, at which time Defendant Michel deliberately and callously denied, including use of bigger handcuffs and bigger waist chain.

21.) On 4/18/2012 after the writ, when Defendant Doumbia removed the black box and regular handcuffs, Plaintiff had deep grooves in both wrists, deep purple in color that caused further injury to Plaintiff's right wrist, extreme pain for many months and numbness in his right wrist up to the thumb nail that Dr. Davis told Plaintiff will always remain, and exacerbated his left shoulder injury.

22. Plaintiff used the prisoner grievance procedure at which time Defendant Garcia deliberately and maliciously fabricated false information that Plaintiff "has a front cuffing order only valid 1/2012 through 1/2013" when in fact he also had the permit for medical restraints for the writ, in order to follow written grievance procedure, "We do not want to set out our staff in the grievances" and out of retaliation to punish Plaintiff for filing grievances and lawsuit regarding medical treatment, Gevas v. Wexford, et al., Case No. 12-1297, N.D. Ill.

23. Plaintiff used the prisoner grievance procedure and has exhausted all administrative remedies as are available.

24. Plaintiff re allege and incorporate by reference paragraphs 1-23.

25. All Defendants' deliberate, callous, and malicious indifference to medical needs violated Plaintiff David Gevas' rights and

26.(a) Defendants' Torri; Amesquita; Michel; and Doumbia excessive force violated Plaintiff David Gevas' rights and constituted a violation of cruel and unusual punishment and equal protection under the Eighth and Fourteenth Amendments to the United States Constitution.

AND CONSTITUTED CRUEL AND UNUSUAL PUNISHMENT UNDER THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

(26.) ALL DEFENDANTS DELIBERATE, CALLOUS, AND MALICIOUS INDIFFERENCE TO MEDICAL NEEDS VIOLATED PLAINTIFF DAVID GEVAS' RIGHTS AND CONSTITUTED A VIOLATION OF EQUAL PROTECTION UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

(27.) ALL DEFENDANTS WILLFUL AND WANTON CONDUCT TO MEDICAL NEEDS VIOLATED PLAINTIFF DAVID GEVAS' RIGHTS AND CONSTITUTED A VIOLATION OF 745 ILCS 10/1-210 UNDER STATE OF ILLINOIS LAW.

(28.) ALL DEFENDANTS NEGLECT TO MEDICAL NEEDS VIOLATED PLAINTIFF DAVID GEVAS' RIGHTS AND CONSTITUTED A VIOLATION OF NEGLIGENCE UNDER STATE OF ILLINOIS LAW.

(29.) DEFENDANT TORRI AND DEFENDANT MICHEL FAILURE TO INTERVENE VIOLATED PLAINTIFF DAVID GEVAS' RIGHTS AND CONSTITUTED



A VIOLATION OF FAILURE TO INTERVENE UNDER STATE OF ILLINOIS LAW.

(30.) DEFENDANT DOUMBIA AND DEFENDANT GARCIA RETALIATION VIOLATED PLAINTIFF DAVID BEVAS' RIGHTS AND CONSTITUTED A VIOLATION OF FREEDOM OF SPEECH, CRUEL AND UNUSUAL PUNISHMENT, AND A VIOLATION OF EQUAL PROTECTION UNDER THE FIRST, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT THIS COURT ENTER JUDGMENT GRANTING PLAINTIFF:

(31.) A DECLARATION THAT THE ACTS AND OMISSIONS DESCRIBED HEREIN VIOLATED PLAINTIFF'S RIGHTS UNDER THE CONSTITUTION AND LAWS OF THE UNITED STATES.

(32.) A PRELIMINARY AND PERMANENT INJUNCTION ORDERING DEFENDANTS' TO ABIDE BY PLAINTIFF'S MEDICAL PERMIT.



(33.) Compensatory damages as allowed by law against each defendant, jointly and severally.

(34.) Punitive damages as allowed by law against each defendant.

(35.) A jury trial on all issues triable by jury.

(36.) Plaintiff's costs in this suit.

(37.) Any additional relief this court deems just and proper.

Dated: 9/15/2014 /s/ [signature]
David Gevas, B41175
P.O. Box 112
Joliet, Il. 60434

VERIFICATION
I, David Gevas hereby verify that the matters herein are true to the best of my knowledge. I certify under penalty of perjury that the foregoing is true and correct. Executed at Joliet, Illinois on 9/15/2014.

/s/ [signature]
David Gevas

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

Date: 3/23/2012
Offender: DAVID GEVAS
ID#: B41175

Present Facility: STATEVILLE
Facility where grievance issue occurred: STATEVILLE

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Mail Handling
- [ ] Restoration of Good Time
- [ ] Disability
- [x] Staff Conduct
- [ ] Dietary
- [ ] Medical Treatment
- [ ] HIPAA
- [ ] Transfer Denial by Facility
- [ ] Transfer Denial by Transfer Coordinator
- [x] Other (specify): COUNSELOR

2nd GRIEVANCE WRITTEN. 1ST GRIEVANCE NOT RECEIVED BY COUNSELOR.

- [ ] Disciplinary Report: ___/___/___ Date of Report ___ Facility where issued ___

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: On 2/10/2012, at 9:30 A.M. I had a video conference with Commissioner Monteagudo, out of Chgo, at which time I was brought to the PC visiting room at about 8:15 AM, for shakedowns, placed in regular handcuffs, blue box, and leg shackles, at which time I explained to C/O Amezquita, last name spelled wrong, after the Q, that I need the bigger handcuffs because my wrists are to big for the regular cuffs. He deliberately ignored my need for the big handcuffs and placed the regular handcuffs on. Following he discovered that he improperly put on the handcuffs and could not

Relief Requested: Full names of the correctional officers assigned to the 2/10/2012 video conference west, bigger handcuffs used for all wrest, reprimands, individuals responsible, and damages for pain, suffering, and injury.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Offender's Signature
ID#: B41175
Date: 3,23,2012

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**

Date Received: 3/24/12
- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: The officers assigned to wait list for the video conference on 2/10/12 were C/O's J. Polromo, A. Johnson, B. Batey and C. Amezquita. The front end Lt. Michel, stated offender Gevas did not have a medical permit stating the longer cuffs were necessary and he (Gevas) was cuffed in the appropriate and standard fashion for a court writ/video conference. T. Dimms 5/8/12

L. Dennis
Print Counselor's Name ── Counselor's Signature ── Date of Response

**EMERGENCY REVIEW**

Date Received: ___/___/___
Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature ___/___/___ Date

Distribution: Master File; Offender       Page 1       DOC 0046 (Rev. 3/2005)
Printed on Recycled Paper

Inmate Issue
SEP 14 2012

GEVAS B41175
ARB289

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE (Continued)

remove the hand cuffs with this key. A John Doe correctional officer removed the hand cuffs and placed the regular arm cuffs on with palm facing up on top and palm facing down on the bottom. During the wait I requested for the regular handcuffs to be loosened at which time my requests were deliberately denied by C/O Arms Q. I was in the regular hand cuffs for about 3 1/2 to 4 hours. After removal of the BWB box and the regular hand cuffs there were very deep hand cuff impressions purple in color, extreme pain and numbness to my wrists and hands. To date, from my wrist to the thumb area remains numb and painful. There were 4 correctional officers during the wait 2 African American, and what appears to be — — — as Hispanic. The two what appeared to be Hispanic C/O's are the C/O's identified in this grievance. They will continue to be placed in those regular hand cuffs and BWB box. I can not hold the pen properly to write.

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

Date: 4/18/2012  Offender (Please Print): DAVID GEVAS  ID#: B41175
Present Facility: STATEVILLE  Facility where grievance issue occurred: STATEVILLE

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Disciplinary Report: ___/___/___ Date of Report
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [x] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [ ] Other (specify):

GRIEVANCE OFFICE
MAY - 8 2012
JUN 7 2012
STA # 1338
W1232

Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** On 4/18/2012 at about 8:00 AM I was brought to the side room to be restrained for a deposition in the video conference room. At which time, I informed C/O Doumbia and Lt. Michel that I have a permit for medical restraints and I was deliberately denied the medical restraints by the C/O and Lt. Followed, I explained to C/O Doumbia that I will require the bigger hand cuffs due to my wrist size including explaining that on 2/10/12 the bigger hand cuffs were used during a [illegible]

**Relief Requested:** Permit for medical restraints enforced, or big hand cuffs used and big waist chain used, C/O Doumbia and Lt. Michel disciplined, and damages for injury and pain & suffering.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Offender's Signature: [signature]  ID#: B41175  Date: 4/18/2012

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: 4/20/12  [ ] Send directly to Grievance Officer  [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: Lt. Michel stated offender Gevas was secured in standard fashion for court writ/video conference. He stated the security of this institution is priority.

Print Counselor's Name: L. Dennis  Counselor's Signature: [signature]  Date of Response: 5/8/12

SEP 14 2012

---

**EMERGENCY REVIEW**

Date Received: ___/___/___  Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature  Date: ___/___/___

Distribution: Master File; Offender  Page 1  DOC 0046 (Rev. 3/2005)
Printed on Recycled Paper

GEVAS B41175
ARB291

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE (Continued)

VIDEO CONFERENCES AND I.E. STAFF HAVE NUMEROUS AND DATES IN MAY. ROBERT THOMAS AND C/O DOUMBIA DELIBERATLY REFUSED TO USE THE BIGGER HANDCUFFS AND THUS AGAIN CAUSED FURTHER INJURY TO MY RIGHT THUMB DUE TO CUFFS BEING TO SMALL AND PALM UP. FURTHERMORE C/O DOUMBIA USED A REGULAR WAIST CHAIN THAT WAS TO SMALL FOR MY GIRTH AND CAUSED SEVERE DIS. COMFORT AND PROBLEMS WITH BREATHING. WHEN BOTH ISSUES WERE BROUGHT TO THE ATTENTION OF THIS C/O HE RESPONDED THAT HE DID N'T WANT TO "ROCK THE BOAT" AND LT. MICAST IGNORED MY PLEAS.

GEVAS B41175
ARB292

ILLINOIS DEPARTMENT OF CORRECTIONS
RESPONSE TO COMMITTED PERSON'S GRIEVANCE

C445

### Grievance Officer's Report

Date Received: 6/7/12  Date of Review: 8/29/12  Grievance # (optional): M1233 M1232

Committed Person: David Gevas  ID#: B41175

Nature of Grievance: Medical Treatment

Facts Reviewed: Grievant claims that on 2/10/12 and 4/18/12 he had a video conference and was placed in regular cuffs. He states he needs bigger cuffs as his wrists are big. He claims he has a permit for medical restraints. He wants officers disciplined, larger cuffs used and damages.

Per C. Garcia, DON, Mr. Gevas has a front cuffing order only valid 1/2012 through 1/2013.

Per Counselor Dennis, the officer assigned to writ list for video conference on 2/10/12 were C/O's J.Pedromo, A. Johnson, B. Batey and C. Amesquita. The front end Lt. Michel, stated offender Gevas did not have a medical permit stating the larger cuffs were necessary and he (grievant) was secured in the appropriate and standard fashion for a court writ/video conference. Lt. Michel stated the security of the institution is a priority.

Grievant has no authority to recommend discipline for staff.

Recommendation: No action at this level at this time. There is no justification for any damages, monetary or otherwise.

Anna McBee, CCII
Print Grievance Officer's Name
(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

### Chief Administrative Officer's Response

Date Received: 8/30/12  ☑ I concur  ☐ I do not concur  ☐ Remand

Comments:

Marcus Hardy  8/30/12

SEP 14 2012

### Committed Person's Appeal To The Director

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

B41175  9/10/12

Distribution: Master File; Committed Person  Page 1  DOC 0047 (Eff. 10/2001) (Replaces DC 5657)
Printed on Recycled Paper

GEVAS B41175
ARB288

Johnson, Sarah L.

**From:** Senor, Kevin
**Sent:** Thursday, May 30, 2013 11:22 AM
**To:** Johnson, Sarah L
**Subject:** FW: Policy on writ/medical permit
**Attachments:** 05.03.123K3 Transporting Offender on Writs.doc

Our procedure says when the offender makes it known to the officer. Medical is contacted and verification is made and then procedures as outlined in ID 05/03/123 are followed.

See section 3, page 2 of 9 and 3 of 9.

*Kevin Senor*
*Admin. Asst. II*
*Stateville Correctional Center X5615*

E-MAIL CONFIDENTIALITY NOTICE: This electronic message, including any attachments is intended for the recipient (s) only. This email and any attachments might contain information that is confidential, legally privileged, contains law enforcement database information, or otherwise protected or exempt from disclosure under applicable law. If you are not a named recipient, or if you are named but believe you received this email in error, please notify the sender immediately by telephone or return email and promptly delete this email and any attachments and copies thereof from your system. Thank you for your cooperation.

**From:** Johnson, Sarah L.
**Sent:** Thursday, May 30, 2013 9:07 AM
**To:** Senor, Kevin
**Subject:** Policy on writ/medical permit

Can you please send me what you have on the procedure for an offender who has a medical permit for double cuffing and is being escorted to a video conference for court? I need to know what happens from the time the officer is advised by the offender he has a permit, then what happens. Thanks.

Sarah L. Johnson
Administrative Review Board
Office of Inmate Issues
(p) 217-558-2200, extension 2110
(fax) 217-522-1957

E-MAIL CONFIDENTIALITY NOTICE: This electronic mail message, including any attachments, is for the intended recipient(s) only. This e-mail and any attachments might contain information that is confidential, legally privileged, contains law enforcement database information, or otherwise protected or exempt from disclosure under applicable law. If you are not a named recipient, or if you are named but believe that you received this e-mail in error, please notify the sender immediately by telephone or return e-mail and promptly delete this e-mail and any attachments and copies thereof from your system. If you are not the intended recipient or are otherwise not authorized to further disclose this message and its contents, please be aware that any copying, distribution, dissemination, disclosure or other use of this e-mail and any attachments is unauthorized and prohibited. Your receipt of this message is not intended to waive any applicable privilege or claim of confidentiality, and any prohibited or unauthorized disclosure is not binding on the sender or the Illinois Department of Corrections. Thank you for your cooperation.

GEVAS B41175
ARB287



**PAT QUINN**
Governor

**S.A. GODINEZ**
Director

1301 Concordia Court / P.O. Box 19277./ Springfield IL 62794-9277 / Telephone: (217) 558-2200 / TDD: (800) 526-0844

May 30, 2013

David Gevas
Register No. B41175
Stateville Correctional Center

Dear Mr. Gevas:

This is in response to your grievance received on September 14, 2012, regarding Medical (cuff permit), which was alleged to have occurred at Stateville Correctional Center. This office has determined the issue will be addressed without a formal hearing.

Offender Gevas grieves in summary regular cuffs were used on February 10th and April 18th, 2012 for video conferences. He claims on February 10th he advised CO Amesquita of his permit and was ignored. He states on April 18th he advised CO Doumbia and Lt. Michael who refused him the medical restraints.

The Grievance Officer's Report (M1233 and M1232) and subsequent recommendation dated August 29, 2012 and approval by the Chief Administrative Officer on August 30, 2012 have been reviewed.

Staff indicated the offender did not have the medical permit, therefore the standard cuffing procedures were followed. Healthcare staff indicated Offender Gevas had a medical permit for double cuffing valid from January 2012 to January 2013. Per staff at Stateville CC, once an offender advises security staff of his permit, staff are to contact the healthcare unit for verification and follow the procedures outlined in ID 05.03.123.

Based on a total review of all available information, it is therefore, recommended the grievance be ruled mixed action. Medical records indicates Offender Gevas had a medical permit for double cuffing during this timeframe. Warden Lemke is to ensure staff are adhering to the policies and procedures with regard to medical permits. Staff discipline is an administrative decision.

FOR THE BOARD: _____
Sarah Johnson
Administrative Review Board
Office of Inmate Issues

I concur. Warden Lemke shall proceed accordingly.

_____
S.A. Godinez
Director
6/11/13

cc: Warden Lemke, Stateville Correctional Center
David Gevas, Register No. B41175

GEVAS B41175
ARB286