In The United States District Court
For The Northern District Of Illinois
Eastern Division

David Gevas,
    Plaintiff,

v.

Patti Torri,
C. Amesquita,
Philip Michel,
Cynthia Garcia,
Fakoli Doumbia,
V.P. Calloway,
Saleh Obaisi,
. Lamb,
Tarry Williams, and
LaTanya Williams,
    Defendants.

Case No. 14-C-7393

Honorable John Z. Lee

RECEIVED EAA
JUL 02 2015
7-2-15
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## Second Amended Complaint

(1.) This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the

Constitution of the United States. The Court has jurisdiction under 28 U.S.C. Section 1331 and 1343(a)(3) and supplemental jurisdiction of state law claims under 1367(a). Plaintiff Govas seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff Govas claims for injunctive relief are authorized by 28 U.S.C. Section 2283, 2284 and Rule 65 of the Fed. R. Civ. P.

(2) The Northern District of Illinois is an appropriate venue under 28 U.S.C. Section 1391(b)(2) because it is where the events giving rise to this claim occurred.

(3) Plaintiff, Daniel Govas is and was at all times mentioned herein a prisoner of the State of Illinois in the custody of the Illinois Department of Corrections. He is currently confined in Stateville Correctional Center, Joliet, Illinois.

(4) Defendant, Patti Torri is a Major of the Illinois Department of Corrections and her place of employment is Stateville Correctional Center.

5.) Defendant, C. Amesquita is a Correctional Officer of the Illinois Department of Corrections and at all times stated here in his place of employment is Stateville Correctional Center.

6.) Defendant, Philip Michel is a Lieutenant of the Illinois Department of Corrections and his place of employment is Stateville Correctional Center.

7.) Defendant, Cynthia Garcia is the Director of Nursing for Wexford Health Sources, Inc. and her place of employment is Stateville Correctional Center.

8.) Defendant Fakoli Doumbia is a Correctional Officer of the Illinois Department of Corrections and his place of employment is Stateville Correctional Center.

9.) Defendant, V.P. Calloway is an Assistant Warden of Programs of the Illinois Department of Corrections and his place of employment is Stateville Correctional Center.

10.) Defendant, Saleh Obaisi is a Medical Director for Wexford Health Sources, Inc. and his place of employment is Stateville Correctional Center.

11.) Defendant, Lamb is an Assistant Warden of Operations of the Illinois Department of Corrections and his place of employment is Stateville Correctional Center.

12.) Defendant, Tarry Williams is a Warden of the Illinois Department of Corrections and his place of employment is Stateville Correctional Center.

13.) Defendant, LaTanya Williams is a Physician Assistant for Wexford Health Sources, Inc. but passes herself off as a doctor and her place of employment is Stateville Correctional Center.

14.) Each Defendant is sued individually and in their official capacity. At all times mentioned in this complaint each defendant acted under color of state law.

4.

## FACTS

15.) On 2/10/2012 at about 8:15 AM, Plaintiff was brought to the visiting room for a shake down to attend his writ at which time he informed and showed Defendant C. Amesquita his valid medical permit that medically required medical restraints due to extreme pain in Plaintiff's left shoulder due to injury, for his writ.

16.) On 2/10/2012 following Defendant Amesquita's deliberate and callous denial, Plaintiff respectfully requested Defendant Amesquita to use the big handcuffs and explained that his wrists are to big for regular handcuffs and he deliberately and callously denied Plaintiff's requests.

17.) On 2/10/2012 after deliberately and callously placed in regular handcuffs and a blue box for his writ. Plaintiff was brought to a gate where he informed Defendant Michel and Defendant Torri that he has in his possession a valid medical permit for

5.

REQUIRED MEDICAL RESTRAINTS DUE TO EXTREME PAIN IN PLAINTIFF'S LEFT SHOULDER DUE TO INJURY, FOR HIS WRIT AND REQUESTED DEFENDANT MICHEL AND DEFENDANT TORRI USE THE REQUIRED MEDICAL RESTRAINTS AT WHICH TIME DEFENDANTS' MICHEL AND TORRI DELIBERATELY AND CALLOUSLY DENIED INCLUDING USE OF BIGGER CUFFS.

(18) On 2/10/2012 FOR ABOUT 3 1/2 TO 4 HOURS, DURING THE WRIT, PLAINTIFF REQUESTED AND PLEADED NUMEROUS TIMES FOR DEFENDANT AMESQUITA TO LOOSEN THE REGULAR HANDCUFFS DUE TO NUMBNESS AND EXTREME PAIN IN BOTH WRISTS AND HANDS, AND LEFT SHOULDER, AND EACH TIME DEFENDANT AMESQUITA DELIBERATELY AND CALLOUSLY DENIED, AND REQUESTS TO LEAVE THE WRIT.

(19) On 2/10/2012 AFTER THE WRIT, WHEN DEFENDANT AMESQUITA REMOVED THE BLUE BOX AND REGULAR HANDCUFFS, PLAINTIFF HAD VERY DEEP GROOVES IN BOTH WRISTS, DEEP PURPLE IN COLOR THAT CAUSED EXTREME PAIN FOR MANY MONTHS AND NUMBNESS IN HIS RIGHT WRIST UP TO THE THUMB NAIL THAT DR. DAVIS TOLD

6.

Plaintiff will always remain, including exacerbating his left shoulder injury.

20.) On 4/18/2012 Plaintiff had another writ. On 4/18/2012 at about 8:00 AM, Plaintiff was brought to a side room, at which time Plaintiff informed and showed Defendant Doumbia his valid medical permit that medically required medical restraints due to extreme pain in Plaintiff's left shoulder due to injury, for his writ.

21.) On 4/18/2012 Defendant Doumbia deliberately and callously denied Plaintiff's valid medical permit requiring medical restraints for his writ.

23.) On 4/18/2012 following Defendant Doumbia's deliberate and callous denial, Plaintiff respectfully requested Defendant Doumbia to use the big hand cuffs, explaining what happen on 2/10/2012 and Defendant Doumbia deliberately and callously denied Plaintiff's request and deliberately and callously used a waist chain to small for Plaintiff's girth

(7.)

causing severe pain and problems with breathing in retaliation for complaining of what happen on the 2/10/2012 writ.

23. On 4/18/2012 after being deliberately and callously placed in regular handcuffs, black box, and a waist chain to small, for his writ, Plaintiff was brought to a gate where he informed Defendant Michel that he has in his possession a valid medical permit for required medical restraints due to extreme pain in Plaintiff's left shoulder due to injury, for his writ and requested Defendant Michel to use the required medical restraints, at which time Defendant Michel deliberately and callously denied, including use of bigger handcuffs and bigger waist chain.

24. On 4/18/2012 after the writ, when Defendant Doumbia removed the black box and regular handcuffs, Plaintiff had deep grooves in both wrists, deep purple in color that caused further injury to Plaintiff's right wrist, extreme pain

8.

for many months and numbness in his right wrist up to the thumb nail that Dr. Davis told plaintiff will always remain, including exacerbating his left shoulder injury.

(25.) Plaintiff used the prisoner grievance procedure, at which time defendant Garcia deliberately and maliciously fabricated false information that plaintiff "has a front cuffing order only valid 1/2012 through 1/2013" when in fact he also has the permit for medical restraints for the wrist. Defendant Garcia fabricated false information in order to follow grievance procedure, "we do not want to set out staff in the grievances" including out of retaliation to punish plaintiff for filing grievances and lawsuit regarding medical treatment. Govas v. Wexford, et al., Case No. 12-1297, N.D. Ill.

(26) After the filing and service of the complaint on all defendants except Amesquita, on

1/5/2015 Defendant Obaisi created and issued Plaintiff a renewed Illinois Department of Corrections Medical Permit for low gallery, low bunk, and medical restraints for one year.

27.) On 1/5/2015 according to Defendant Obaisi, he is unable to provide front cuffing in the medical permit due to security staff wanting him to stop issuing front cuffing, but this Defendant Obaisi would not provide this Plaintiff with the name(s) of the Security Staff.

28.) The front cuffing alleviates the severe pain associated with Plaintiff being handcuffed behind his back due to injury from being stabbed in his left shoulder, and causing any further injury. During all lockdowns, without the front cuffing indicated in his permit, when Plaintiff is removed from his cell, he is handcuffed behind his back causing severe pain and exacerbating his shoulder injury.

29.) Denying front cuffing in his medical permit deliberately and maliciously causes

10.

severe pain to Plaintiff's left shoulder, anytime his hands are cuffed behind his back.

30.) On 1/27/2015 at 2:30pm Plaintiff had a video conference writ with Magistrate Judge Finnegan. At 12:00pm a writ officer came for Plaintiff with a black box, handcuffs, and a waist chain at which time Plaintiff informed her of his 1/5/2015 renewed medical permit for medical restraints. According to the writ officer, she called the Health Care Unit and an un-named individual informed her that Plaintiff's medical permit is expired and informed Plaintiff that the black box, regular handcuffs and waist chain will be used for this writ.

31.) The Black Box is used accordingly. Plaintiff is handcuffed at the waists in front of his body. One palm facing the ground, and the other palm facing up and the black box placed between the waists forcing one palm up and the other down and the waist chain is used around the stomach to hold the black box and handcuffs firmly to the stomach.

11.

causing severe pain and injury to Plaintiff's wrists and shoulder, due to injury to his left shoulder.

32.) On 1/27/2015 Plaintiff explained to the writ officer the injuries sustained to his right hand and left shoulder while previously in the black box and medical restraints denied and requested the ability to refuse the writ without discipline. The writ officer went to check and returned and informed Plaintiff that he can refuse without discipline.

33.) On 1/28/2015 Plaintiff received a disciplinary report for disobeying a direct order, for not attending the video conference in a black box that was written by the gallery officer and not the writ officer and received two months commissary denial for punishment.

34.) On or about 2/5/2015 Plaintiff was informed by Nurse MacQueen that Defendant Garcia tore up his medical permit that was renewed on 1/5/2015 by Defendant Obaisi, with the consent of Defendant Calloway, and Plaintiff would

only receive a permit for low bunk.

35.) On 3/4/2015 Plaintiff was again seen by Defendant Obaisi at which time Plaintiff informed him that he did not receive a copy of the 1/5/2015 renewed medical permit for low gallery, low bunk, and medical restraints and Defendant Obaisi created another medical permit for low bunk only without any examination and explained that now Springfield ordered that he could not issue a permit for low gallery and medical restraints for Plaintiff.

36.) On 3/4/2015 at which time Plaintiff requested three times the name(s) of the individual(s) whom Defendant Obaisi referred to as ordered from Springfield and Defendant Obaisi refused to provide the name(s).

38.) Defendant Obaisi threaten Plaintiff with further medical sanctions if he did not go along with the medical permit for low bunk only.

13.

38) On 3/9/2015 Plaintiff received his copy of the Medical Permit for Low Bunk, but this medical permit was created by Defendant LaTanya William who is not a MD and did not examine Plaintiff for the permit on 1/5/2015 and 3/4/2015 but on 7/11/2012 indicated the need for "Large Size Cuff".

39) On 4/7/2015 at about 12:15 pm Plaintiff had a medical writ to the University of Illinois at Chicago Eye Clinic at which time Plaintiff informed C/O Winters that he needs medical restraints, waist chain due to chronic left shoulder pain due to injury at which time C/O Winters went to the ER in the Health Care Unit (HCU) and medical staff denied writing a one day prescription for medical restraints, waist chain.

40) On 4/1/2015 Defendant Obaisi informed Plaintiff that when he goes on a writ all he needs to do is have the correctional officer go to the ER in the Health Care Unit

(14)

AND A ONE DAY PRESCRIPTION FOR MEDICAL RESTRAINTS WAIST CHAIN WILL BE PRESCRIBED. BUT THIS DID NOT HAPPEN FOR PLAINTIFF'S 4/7/2015 WRIT.

41. Upon INFORMATION AND BELIEF, DEFENDANT TARRY WILLIAMS AND/OR DEFENDANT LAMB AND/OR DEFENDANT CALLOWAY CREATED A MEMORANDUM SANCTIONING THE MEDICAL PERMITS.

42. PLAINTIFF REALLEGE AND INCORPORATE BY REFERENCE PARAGRAPHS 1-41.

43. DEFENDANTS DELIBERATE, AND CALLOUS INDIFFERENCE TO MEDICAL NEEDS VIOLATED PLAINTIFF DAVID GEVAS' RIGHTS AND CONSTITUTED CRUEL AND UNUSUAL PUNISHMENT UNDER THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

44. DEFENDANTS EXCESSIVE FORCE VIOLATED PLAINTIFF DAVID GEVAS' RIGHTS AND CONSTITUTED A VIOLATION OR CRUEL AND UNUSUAL PUNISHMENT UNDER THE EIGHTH

Amendment to the United States Constitution.

(45) Defendants deliberate and callous indifference to medical needs violated Plaintiff David Govas' rights and constituted a violation of equal protection under the Fourteenth Amendment to the United States Constitution.

(46) Defendants willfull and wanton conduct to medical needs violated Plaintiff David Govas' rights and constituted a violation of 745 ILCS 10/1-210 under Illinois state law.

(47) Defendants neglect to medical needs violated Plaintiff David Govas' rights and constituted a violation of negligence under Illinois state law.

(48) Defendants failure to intervene violated Plaintiff's David Govas' rights and constituted a violation of failure to intervene under Illinois state law.

(16.)

49.) Defendants retaliation violated Plaintiff David Gonas' rights and constituted a violation of freedom of speech, cruel and unusual punishment, and equal protection under the First, Eighth, and Fourteenth Amendments to the United States Constitution.

Wherefore, Plaintiff prays that this Court enter judgment granting Plaintiff:

50.) A declaration that the acts and omissions described herein violated Plaintiff's rights under the Constitution and laws of the United States.

51.) A preliminary and permanent injunction ordering Defendants to stop sanctioning medical permits and abide by medical permits.

52.) Compensatory damages as allowed by law against each Defendant, jointly and severally.

17.

53.) Punitive damages as allowed by law against each defendant.

54.) A jury trial on all issues triable by jury.

55.) Plaintiff's costs in this suit.

56.) Any additional relief this Court deems just and proper.

Date: 6/29/2015

/s/ David Govas
David Govas, B41175
P.O. Box 112
Joliet, IL 60434

VERIFICATION

I, David Govas hereby verify that the matters herein are true and correct to the best of my knowledge. I certify under penalty of perjury that the foregoing is true and correct. Executed at Joliet, Illinois on 6/29/2015.

/s/ David Govas
David Govas, B41175

(18.)